UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,

                          Plaintiff,

-against-

ANTHONY G. HORN, et al.,

                          Defendants.

**ORDER**

19-CV-08716 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On October 19, 2020, Wilmington Savings Fund Society, FSB ("Plaintiff") moved for an order granting: (1) summary judgment against Anthony G. Horn and Andrea G. Horn (together, "Horn Defendants") under Federal Rule of Civil Procedure 56; (2) default judgment against Francesco Scaccia under Federal Rule of Civil Procedure 55(b)(2); and (3) judgment of foreclosure and sale under New York Real Property Actions and Proceedings Law § 1351. (*See* Docs. 30-33). Horn Defendants filed their opposition, exhibits annexed thereto, and response to Plaintiff's Rule 56.1 Statement on November 19, 2020. (Docs. 37-39). Plaintiff filed its reply brief on November 25, 2020. (Doc. 42). The motion has been fully submitted since then. On February 8, 2021, Plaintiff filed an Addendum to Proposed Judgment of Foreclosure and Sale, which specified the name and telephone number of Plaintiff's mortgage servicer. (Doc. 44).

On September 3, 2021, Plaintiff filed a joint letter regarding the status of the New York COVID-19 Emergency Eviction and Foreclosure Prevention Act (the "Act") and its effect on this action. (Doc. 51). That letter states:

> [T]he Defendant filed the Hardship Declaration pursuant to the [Act], in which the Defendant certified under penalty of perjury the Defendant experienced financial hardship and is unable to pay the mortgage in full because of a loss of income or increase in expenses during the COVID-19 pandemic. Pursuant to the Act, the continuation of the action was stayed through April 30, 2021 and then the stay was extended through August 31, 2021. The Act and stay were further extended because New York State Governor Kathy Hochul signed a law that extended the Act and stay through January 15, 2022. In connection with the extension and to comply with the United States Supreme Court's August 12, 2021 ruling in *Pantelis Chrysafis v. Lawrence K. Marks*, 594 U.S. ____ (2021), the Act now provides the foreclosing party with the ability to challenge the legitimacy of the defendant's alleged hardship by making a motion requesting a court hearing for a determination regarding the veracity of the hardship. Based on the extension, the stay of the action remains in effect.

(*Id.*).

In light of the parties' representations regarding the extension of the Act, and the corresponding stay of this action, Plaintiff's motion is DENIED without prejudice to renewal once the Act is no longer in effect. The parties shall file a joint letter by January 21, 2022 regarding the status of the Act and its effect, if any, on this action.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 30.

SO ORDERED:

Dated: White Plains, New York
       September 14, 2021

_____
Hon. Philip M. Halpern
United States District Judge